UNITED STATES DISTRICT COURT

Northern District of California

SCOTT SANDERS,

          Plaintiff,

  v.

FIDELITY MORTGAGE COMPANY *et al.*,

          Defendants.
_____/

No. C 05-4990 MHP (MEJ)

**ORDER RE EVIDENTIARY HEARING ON DAMAGES**

     On May 5, 2009, the Honorable Marilyn Hall Patel, the presiding judge in this action, issued a Memorandum & Order regarding Plaintiff's Motion for Default Judgment. (Dkt. #120.) In her Order, Judge Patel granted default judgment in favor of Plaintiff and against Defendant Joel Atwater. However, Judge Patel found that Plaintiff had not submitted sufficient documentation and testimony regarding his claimed damages to enable the Court to determine the dollar amount it should award to Plaintiff. (*Id*. at 6.) Accordingly, Judge Patel referred the matter to the undersigned to hold an evidentiary hearing on the issue of damages and to make findings of fact and recommendations regarding the specific amounts that should be awarded. Judge Patel also instructed Plaintiff that, at the hearing, he will need to provide evidentiary support, such as documents, affidavits, or witness or expert testimony to corroborate his claimed damages. (*Id*.) Further, with respect to each area of damages Plaintiff requested, Judge Patel outlined what evidence Plaintiff would need to submit and what questions Plaintiff would need to address to enable the undersigned to make a recommendation regarding the proper amount of damages recoverable.

     Toward this end, on July 31, 2009, Plaintiff filed a second Motion for Default Judgment (Dkt. #124), and submitted a revised Declaration (Dkt. #123) with supporting documents. In preparation for the evidentiary hearing on damages, the undersigned thoroughly reviewed Plaintiff's

1  brief, Declaration, and documentary evidence and finds it deficient in several respects. Notably,
2  Plaintiff's Memorandum of Points and Authorities in Support of Motion for Default Judgment
3  merely attaches Judge Patel's May 5 Order and states that Plaintiff has submitted a new Declaration.
4  (Dkt. #124 at 1-2.)  The brief does not present any discussion addressing the questions Judge Patel
5  posed in her Order or any explanation of how the documents attached to Plaintiff's revised
6  Declaration support his request for damages. Additionally, while Plaintiff has made slight revisions
7  to his previous Declaration, it still does not adequately address several of the key questions Judge
8  Patel raised. The Court therefore finds it prudent to **CONTINUE** the hearing set for September 3,
9  2009, to allow Plaintiff one last opportunity to marshal and present whatever evidence he may have
10 to substantiate his requests for monetary damages. To assist Plaintiff with this task, and so that the
11 evidentiary hearing will be productive, the undersigned **ORDERS** as follows.

12 1. Plaintiff shall file a Supplemental Brief addressing - at a minimum - the questions posed in
13    Judge Patel's Order and the issues outlined below.
14 2. Along with the Supplemental Brief, Plaintiff shall also file a witness list for any live
15    testimony Plaintiff intends to present during the evidentiary hearing.[1] The witness list should
16    indicate the name of the witness and offer a brief (i.e., two or three sentences) explanation of
17    what facts that witness will testify to at the hearing.
18 3. Plaintiff shall file his Supplemental Brief, witness list, and any additional declarations,
19    affidavits, or documents he wishes the Court to consider by September 18, 2009.
20 4. In preparing his Supplemental Brief, Plaintiff must address the following questions.
21    a. With respect to compensatory damages, Judge Patel indicated that Plaintiff is entitled
22       to an award of his out-of-pocket damages, including his down payment on the house,
23       mortgage payments, moving costs, improvements and maintenance, homeowners
24       fees, property taxes, property insurance and medical bills relating to his emotional
25       distress. (Dkt. #120 at 7.) In his Supplemental Brief (and any supplemental

---

[1] For the most part, declarations and affidavits should be sufficient and submitted in lieu of live testimony.

2

       declaration that may be necessary), Plaintiff shall provide an itemized accounting for each month for each of these expenses. If Plaintiff intends to rely on documents in support, Plaintiff shall explain what each document is, which figures in the documents he is relying on, and highlight those figures in the document so that the Court can easily verify the amount by examining the document. In particular, in his new Declaration, Plaintiff states that he incurred $1,750 in moving costs, maintenance expenses, and improvements to the house. The Court, however, was unable to find any receipts or billing invoices corresponding to these costs. Likewise, it does not appear that Plaintiff has submitted any documentation (*e.g.,* cancelled checks) substantiating his claim to $1,065 in homeowners association fees.

  b.  With respect to Plaintiff's damages relating to his credit rating, Judge Patel instructed Plaintiff that he "should be prepared to provide evidence, such as testimony or affidavits from credit counselors, establishing that the requested amount reflects damages attributable to Atwater's fraudulent conduct." (Dkt. #120 at 8.) In his Supplemental Brief, Plaintiff shall directly address what evidence he has submitted (or intends to submit at the hearing in the event Plaintiff anticipates presenting live witness testimony) on this issue. Plaintiff's unsupported statements regarding what credit counselors have told him will not suffice. (*See* Dkt. #123 at ¶21.) Rather, Plaintiff must support such representations by declarations, affidavits, or live expert testimony.

  c.  With respect to the fees Plaintiff paid to Defendant Atwater, Plaintiff states in his Declaration that "according to Coker," all but $500 of the $16,675 commission he paid went to Atwater. (Dkt. #123 at ¶¶12, 27.) Judge Patel previously reviewed this same statement in Plaintiff's prior Declaration and instructed Plaintiff that *he must provide evidence corroborating his allegation* that Atwater was paid all but $500 of the total amount of fees. (Dkt. #120 at 11.) Thus, in his Supplemental Brief, Plaintiff shall identify whatever evidence he has either substantiating Coker's statement (*e.g.*,

3

an affidavit, declaration, or testimony from Coker) or otherwise corroborating his representation. Relatedly, Judge Patel noted that the Settlement Statement Plaintiff previously provided was insufficient evidence to establish the amount that Plaintiff paid to Atwater. (Dkt. #120 at 10.) In his Supplemental Brief, Plaintiff must address how he addressed this by pointing to specific evidence he has submitted.

5.  The Court re-sets this matter for hearing on September 24, 2009, at 10:00 a.m. in Courtroom B, 15th Floor.

**IT IS SO ORDERED.**

Dated: September 3, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge

4