1

2

3

4                          UNITED STATES  DISTRICT COURT

5                            Northern District of California

6

7    SCOTT R. SANDERS

8                 Plaintiff,                     No. C 05-4990 MHP (MEJ)

9          v.
                                                 **REPORT & RECOMMENDATION RE
FIDELITY MORTGAGE COMPANY *et al.*,              DAMAGES**

10
                 Defendants.
11   _____/

12                          **I.   BACKGROUND**

13         On May 5, 2009, the Honorable Marilyn Hall Patel, the presiding judge in this action, issued

14   a Memorandum & Order regarding Plaintiff's Motion for Default Judgment.  (Dkt. #120.)  In her

15   Order, Judge Patel granted default judgment in favor of Plaintiff and against Defendant Joel

16   Atwater.  However, Judge Patel found that Plaintiff had not submitted sufficient documentation and

17   testimony regarding his claimed damages to enable the Court to determine the dollar amount it

18   should award to Plaintiff.  (*Id*. at 6.)  Accordingly, Judge Patel referred the matter to the undersigned

19   to hold an evidentiary hearing on the issue of damages and to make findings of fact and

20   recommendations regarding the specific amounts that should be awarded.  Judge Patel also

21   instructed Plaintiff that at the hearing, he will need to provide evidentiary support, such as

22   documents, affidavits, or witness or expert testimony to corroborate his claimed damages.  (*Id*.)

23   Further, with respect to each area of damages Plaintiff requested, Judge Patel outlined what evidence

24   he would need to submit and what questions he would need to address to enable the undersigned to

25   make a recommendation regarding the proper amount of damages recoverable.

26         Following Judge Patel's Order, on July 31, 2009, Plaintiff filed a second Motion for Default

27   Judgment (Dkt. #124), and submitted a revised Declaration (Dkt. #123) with supporting documents.

28   However, Plaintiff's materials did not present any discussion addressing the questions Judge Patel

UNITED STATES DISTRICT COURT
For the Northern District of California

1   posed in her Order or any explanation regarding how the documents attached to the revised

2   Declaration support Plaintiff's request for damages.  As a result, the undersigned issued an Order

3   continuing the evidentiary hearing to allow Plaintiff an opportunity to marshal and present whatever

4   evidence he has substantiating his damages and to address Judge Patel's questions.  (Dkt. #125.)  In

5   response, Plaintiff filed a Supplemental Brief (Dkt. #126) and a Supplemental Declaration (Dkt.

6   #127).  On September 24, 2009, the undersigned held an evidentiary hearing regarding Plaintiff's

7   damages.  Having considered Plaintiff's written submissions, supporting materials, and the evidence

8   presented at the hearing, the undersigned now **RECOMMENDS** as follows.

9                                        **II.   DISCUSSION**

10  **A.       Compensatory Damages**

11          In his Motion for Default Judgment, Plaintiff sought to recover compensatory damages for

12  his out-of-pocket losses, damage to his credit rating, and for emotional distress.  (Dkt. #112 at 2;

13  Dkt. #120 at 7.)  The undersigned will evaluate each category in turn.

14          1.       Out-of-Pocket Damages

15          With respect to Plaintiff's out-of-pocket damages, Judge Patel found that Plaintiff was

16  entitled to recover the following out-of-pocket damages: the down payment on the house; mortgage

17  payments; moving costs (both into and out of the house); improvements to the house; maintenance

18  costs; property taxes; and property insurance premium payments.  (Dkt. #120 at 7.)  She therefore

19  instructed Plaintiff to provide to the undersigned evidence documenting these losses.  (*Id*. at 8.)

20          Plaintiff indicates that he is seeking $52,070.69 in out-of-pocket damages from Defendant

21  Atwater, calculated as follows.  (Suppl. Decl. at 1; Dkt. #113 ¶23; Dkt. #123 ¶25.)

22          First, Plaintiff seeks to recover the $1,000 down payment he made on the house.  (Dkt. #123

23  ¶25; Suppl. Decl. ¶5.)  To substantiate this expenditure, Plaintiff has submitted a copy of check

24  drawn on his wife's checking account and made out to First California Title for $1,000.  (Suppl.

25  Decl. Ex. A.)  Because the check does not indicate that Plaintiff is a joint account holder and

26  Plaintiff has not provided any information indicating that $1,000 was community funds, the

27  undersigned finds that Plaintiff has not provided sufficient evidence to substantiate his claim that he

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1    lost $1,000 on the down payment.

2        Second, Plaintiff seeks to recover moving expenses incurred in connection with both the

3    move into the house and the move out of the house.  Plaintiff asserts that he incurred $750 in

4    expenses when moving into the house (Suppl. Decl. ¶5(c)), and $250 when moving out of the house

5    (Suppl. Decl. ¶5(I)).  Plaintiff, however, indicates that he does not have any receipts substantiating

6    these amounts.  Plaintiff has described the types of expenses he claims he incurred during the move,

7    including packaging materials, time off of work, and gas and meals for those who assisted him.

8    Based on Plaintiff's statements, the undersigned finds that Plaintiff's requested amount of $1,000 for

9    move-in and move-out expenses is reasonable and should be awarded.

10        Third, Plaintiff seeks to recover for payments he made on the first and second mortgages.  As

11    to the first mortgage, Plaintiff states that he made payments to Washington Mutual from January

12    2005 through May 2007 totaling $56,572.61.  (Dkt. #123 ¶20 & Ex.2.)  Plaintiff has submitted

13    statements from Washington Mutual, which sufficiently substantiate that he paid $56,572.61 on the

14    first mortgage.

15        With respect to his second mortgage, Plaintiff claims that he made payments totaling

16    $20,185.05.  (Suppl. Decl. ¶¶5(B)(d), 5(B)(e).)  More specifically, Plaintiff claims that from January

17    through August 2005, he paid $5,581.12 to Washington Mutual.  The undersigned has reviewed the

18    Washington Mutual Account Activity Statement from 2005 that Plaintiff submitted (Dkt. #123 ¶20

19    & Ex. 3.), and finds that Plaintiff has adequately established that he paid $5,581.12 to Washington

20    Mutual.  Additionally, Plaintiff claims that from September 2005 through July 2006, he paid

21    $9,792.62 on the second mortgage to EMC.  (Dkt. #123 ¶20.)  However, the statement from EMC

22    that Plaintiff has submitted indicates that he only paid $7,560.63.  (*See* Dkt. #123, Ex. 3 at 2-3.)

23    Plaintiff also claims that from August 2006 through May 2007, he paid $7,043.30 to GMAC.  (Dkt.

24    #123 ¶20.)  However, the statement from GMAC Plaintiff submitted indicates that he made

25    payments totaling $6,958.30.[1]  Based on the these figures, the undersigned finds that Plaintiff has

26    _____

27        [1]The statement from GMAC indicates that Plaintiff was assessed an $85.00 fee, which he

28    paid.  However, it appears that Plaintiff has added that fee twice when calculating the total amount

3

UNITED STATES DISTRICT COURT
For the Northern District of California

1    adequately demonstrated that he paid $20,100.05 on his second mortgage.

2         Taken together, Plaintiff made $76,672.66 in mortgage payments on his first and second

3    mortgages for which he is entitled to recover.

4         Fourth, Plaintiff seeks to recover for the homeowners' association dues he paid.  In his

5    Declarations, Plaintiff proffers conflicting amounts as to the total fees he paid.  In his July 28, 2009

6    Declaration, he indicates that he paid $1,065 from January 2005 through June 2008,  (Dkt. #123

7    ¶13.)  In his Supplemental Declaration, Plaintiff indicates that he paid $1,225 in HOA dues from

8    December 2004 through December 2008.  (Dkt. #127, Suppl. Decl. ¶5(e).)  In support of his claim,

9    Plaintiff has submitted some checks reflecting payments made, a billing statement from the HOA

10   from December 2008, and an email from the HOA indicating that he had no outstanding fees as of

11   March 2009.  The undersigned has reviewed these documents, and based on the figures Plaintiff

12   provided, finds that Plaintiff paid $1225 in HOA fees, which he is entitled to recover.

13        Fifth, Plaintiff requests that he be awarded the money he spent on improvements and

14   maintenance on the house.  Although Plaintiff's Declarations indicate that he is seeking $8,000 for

15   such expenditures, at the evidentiary hearing, Plaintiff's counsel clarified that Plaintiff is only

16   seeking to recover $1,000 for these expenses.  Plaintiff also indicated that he does not have any

17   receipts documenting the expenses.  (Suppl. Decl ¶5(d).)  According to Plaintiff, he expended this

18   money on ceiling fans, paint, wallpaper, a garbage disposal, a stove top, wall fixtures, automatic

19   sprinklers, and landscaping.  (Suppl. Decl. ¶5(D).)  The undersigned has considered Plaintiff's

20   statements regarding the money he expended on improvements and maintenance and based on such

21   representations, finds that Plaintiff spent at least $1,000, for which he is entitled to recover.

22        Sixth, Plaintiff requests that the Court award him $2,453.55 for property taxes he paid on the

23   house.  (Suppl. Decl ¶5(F).)  Plaintiff has submitted property tax bills, which the undersigned has

24   reviewed and finds that they substantiate the requested amount of $2,453.55.  (Dkt. #123 ¶20 & Ex.

25   5.)

26   _____

27   of payments he made to GMAC.  The undersigned's determination that Plaintiff paid $6,958.30
     reflects one-time payment of the $85.00 fee.
28

4

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Finally, Plaintiff seeks to recover $2,274.48 that he claims he expended on property

2  insurance premiums on the house.  (Suppl. Decl. ¶5(G).)  Plaintiff has submitted statements

3  reflecting the amounts paid.  (Dkt. #123 ¶20 & Ex. 4.)  The undersigned has reviewed the statements

4  and considered the premium amounts for the months for which Plaintiff does not have statements,

5  and finds that Plaintiff has sufficiently established that he paid $2,274.28 in property insurance, for

6  which he is entitled to recover.

7    Taken the foregoing figures together, Plaintiff shown that he is entitled to $84,625.49 in out-

8  of-pocket damages.  However, Plaintiff also acknowledges that this amount must be reduced by the

9  amount of corresponding expenses he would have incurred had he not purchased the house through

10  Defendant Atwater.  In his Declaration, Plaintiff indicates that had Defendant Atwater not defrauded

11  him, he would have continued to rent an apartment at a rate of $800 a month.  (Dkt. #123 ¶25.)

12  Because Plaintiff would have incurred at least $33,600 in rent during the time he lived in the house

13  he purchased, this amount should be offset against the total amount of his out-of-pocket damages,

14  reducing the total to $51,025.49.  Accordingly, the undersigned **RECOMMENDS** that the Court

15  award Plaintiff $51,025.49 in out-of-pocket damages.

16    2.    <u>Damage to Credit Rating</u>

17    In his Supplemental Declaration, Plaintiff indicates that he is no longer seeking to recover for

18  damage to his credit rating.  (Suppl. Decl. ¶¶4, 6.)  Accordingly, this issue is moot.

19    3.    <u>Emotional Distress</u>

20    In his Supplemental Declaration, Plaintiff indicates that he is seeking $55,000 in damages for

21  his emotional distress.  (Suppl. Decl. ¶4.)  In support of this amount Plaintiff indicates that, as a

22  result of his dealings with Defendant Atwater relating to the purchase of the house, his relationship

23  with his wife became severely strained.  (Dkt. #123 ¶24.)  Plaintiff also states that, as a result the

24  stress he experienced in connection with the house, he had to see a therapist, who prescribed an anti-

25  depressant.  (*Id*.)  When his condition worsened, he again saw the therapist and was prescribed a

26  second anti-depressant, as well as a prescription for sleeping pills.  (*Id*.)  He indicates that he

27  incurred co-payments of over $120 for the office visits and prescriptions.

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   Aside from the foregoing statements, Plaintiff has not submitted any other documentary

2   evidence regarding the amounts he paid out in pursuing medical care or any medical evidence of his

3   symptoms.  As a result, the undersigned must base the appropriate amount of emotional distress

4   damages strictly on Plaintiff's statements in his Declarations and his counsel's description at the

5   evidentiary hearing.  Like Judge Patel, the undersigned finds that Plaintiff's representations

6   regarding the emotional distress he suffered to be credible, particularly in light of the circumstances

7   of this case.  However, Plaintiff has not presented any explanation as to how he arrived at the

8   $55,000 figure he requests.  Considering Plaintiff's description of the distress he suffered as a result

9   of his dealings with Defendant Atwater, the undersigned finds that an award of $25,000 is

10  reasonable.  The undersigned therefore **RECOMMENDS** that the Court award $25,000 to

11  compensate Plaintiff for his emotional distress.

12  4.   Compensatory Damages Already Awarded Against Other Defendants

13  Finally, Judge Patel noted in her Order that Plaintiff's compensatory damages award against

14  Defendant Atwater must be offset against any compensatory damages that have already been

15  awarded to Plaintiff against any other defendants in this case.  (Dkt. #120 at 8-9.)  In his

16  Declaration, Plaintiff indicates that he obtained a judgement of non-dischargeability in bankruptcy

17  court for $52,325.69 against Defendant Coker dba Fidelity Mortgage Company and Pacific Home

18  Brokers.  (Dkt. #123 ¶28 & Ex.6.)  However, Plaintiff states that  he has not received any money

19  from that judgment.  (*Id.*)  Because Plaintiff has not recovered any of his compensatory damages

20  from Defendant Coker, there is no basis to reduce the amount of his compensatory damages.

21  However, should Plaintiff receive any payment from Defendant Coker in satisfaction of his

22  judgment against him, Plaintiff's compensatory damage award against Defendant Atwater should be

23  reduced accordingly.

24  5.   Compensatory Damages Recommendation

25  In sum, with respect to compensatory damages, the undersigned **RECOMMENDS** that the

26  Court award Plaintiff $51,025.49 in out of pocket damages and $25,000 for emotional distress, for a

27  total of $76,025.49 in compensatory damages.

28

6

**B.     Punitive Damages**

In her Order, Judge Patel found that Plaintiff had established by clear and convincing evidence that he is entitled to punitive damages. (Dkt. #120 at 9.) She therefore instructed the undersigned to consider and make recommendations on the appropriate amount of punitive damages to award. Plaintiff requests an award of $25,000 in punitive damages. (Suppl. Decl. ¶4.) The question, then, is whether this amount is reasonable.

Under California law, when assessing punitive damages, courts are to consider: (1) the degree of reprehensibility of the defendant's conduct; (2) the amount of compensatory damages awarded to the plaintiff; and (3) the wealth of the defendant. *Neal v. Farmers Ins. Exchange*, 21 Cal. 3d 910, 928 (1978); *see also Harrell v. Kepreos*, No. CIV S-06-0849, 2008 WL 619117, at *4 (E.D. Cal. Mar. 4, 2008).

With respect to the first factor, as Judge Patel highlighted in her Order, Defendant Atwater made a series of misrepresentations to Plaintiff, including that he could secure a loan for Plaintiff that he could afford and which did not have a pre-payment penalty. After the loan payments exceeded what he had represented to Plaintiff, Defendant Atwater assured Plaintiff that he could refinance his loans into one consolidated loan that would reduce the monthly payments by half, at no cost to Plaintiff. Defendant Atwater, however, never delivered on this representation. Defendant Atwater also falsified information on Plaintiff's loans applications without Plaintiff's knowledge and misrepresented other material terms of the loans to Plaintiff. As a result of Defendant Atwater's conduct, Plaintiff was unable to afford the monthly payments on the two loans and ultimately defaulted on the loans. Throughout this period, Plaintiff experienced emotional distress and his relationship with his wife became strained. These facts demonstrate the reprehensibility of Defendant Atwater's conduct and support the need for punitive damages to deter him from similar conduct in the future.

As to the second factor, as indicated above, the undersigned recommends that the Court award $76,025.49 in compensatory damages. Plaintiff's requested amount of punitive damages is thus less than the amount of his compensatory damages and is not excessive in relation to his actual

UNITED STATES DISTRICT COURT
For the Northern District of California

7

1    damages.

2        Looking at the final factor, which focuses on the defendant's financial condition, Plaintiff

3    has not submitted any evidence regarding Defendant Atwater's financial status.  The California

4    Supreme Court has indicated that evidence of a defendant's financial condition is a prerequisite to an

5    award of punitive damages in order to ensure that the award will actually serve to deter the

6    defendant's conduct.  *Adams v. Murakami*, 54 Cal. 3d 105, 119 (1991).  Without such information,

7    the undersigned cannot determine whether the amount of punitive damages Plaintiff seeks exceeds

8    the amount necessary to properly punish and deter Defendant Atwater from future misconduct.  *See*

9    *id*. at 110.  Consequently, because Plaintiff has not met his burden of producing evidence on this

10   factor, the undersigned **RECOMMENDS** that the Court **DENY WITHOUT PREJUDICE**

11   Plaintiff's request for an award of $25,000 in punitive damages and **GRANT** Plaintiff leave to

12   marshal evidence relating to Defendant Atwater's financial condition and move for reconsideration

13   of the proper amount of punitive damages that should be awarded.

14   **C.      Disgorgement Pursuant to California Unfair Business Practices Law**

15       In her Order, Judge Patel found that Plaintiff had established Defendant Atwater's actions

16   violated California business law, and therefore California's unfair competition law, such that

17   Plaintiff could disgorge Defendant Atwater of any money Plaintiff paid him in connection with his

18   unlawful business practices.  (Dkt. #120 at 10.)  Toward this end, Judge Patel directed Plaintiff to

19   prepare and provide evidence as to what money he paid Defendant Atwater in connection with his

20   provision of real estate services.  (*Id*.)  To guide Plaintiff, the Court explained that the settlement

21   statement that Plaintiff submitted was insufficient to establish the amount he paid to Defendant

22   Atwater.  (*Id*.)  Specifically, the Court noted that although Plaintiff alleged that the statement

23   demonstrates that he paid $9,875 to Pacific, line 702 of the settlement statement indicates that the

24   commission was paid from the seller's funds, not Plaintiff's funds.  (*Id*.)  Additionally, the Court

25   noted that although Plaintiff alleges that he paid $6,800 to Fidelity, the documents Plaintiff

26   submitted only reflect that Plaintiff paid Fidelity a loan origination fee, a processing fee, and a

27   broker underwriting fee, totaling $4,100.  (*Id*. at 10-11)  Finally, Judge Patel noted that even if

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

8

1   Plaintiff could establish the total amount he paid to Pacific and Fidelity, Plaintiff must provide

2   evidence corroborating his allegations that Defendant Atwater was paid all but $500 of this amount.

3   (*Id*. at 11)

4          Reviewing the documents Plaintiff filed after Judge Patel issued her Order, Plaintiff has re-

5   submitted the same evidence Judge Patel previously reviewed.  Specifically, in his July 28

6   Declaration, Plaintiff alleges that according to the settlement statement attached to his Declaration,

7   Pacific received a broker's commission in the amount of $9,875 and Fidelity received $6,800 in

8   connection with the making of his loans, for a total of $16,675.  (Dkt. #123 ¶¶12,27; Suppl. Decl.

9   #7)  Plaintiff has not offered any explanation addressing the questions Judge Patel previously posed

10  regarding these amounts.  Thus, as an initial matter, Plaintiff has not substantiated his allegations

11  that he paid $16,675 to Pacific and Fidelity.

12         Moreover, as indicated above, in order to seek disgorgement of fees paid to Defendant

13  Atwater, Plaintiff has the burden of establishing that *Defendant Atwater* actually was paid those

14  fees.  As he did in his Motion for Default Judgment, Plaintiff alleges Defendant Coker stated that

15  Defendant Atwater received all but $500 of the $16,675 in fees and commissions that he paid.

16  Plaintiff, however, has not provided any other information about the statement from Defendant

17  Coker, such as when he made the statement, to whom he made it, or the context or setting in which

18  he made the statement.  Without such information, the undersigned cannot assess the reliability of

19  the proffered statement.  Aside from this statement, Plaintiff has not provided any other evidence to

20  corroborate his allegation that Defendant Atwater was paid all $500 of the fees he paid to Defendant

21  Coker and/or Fidelity or Pacific.  As a result, the undersigned finds that Plaintiff has failed to

22  sufficiently establish the amount of money he paid Defendant Atwater in connection with his

23  unlawful business practices.  The undersigned therefore **RECOMMENDS** that the Court **DENY**

24  Plaintiff's request for disgorgement of $16,175 from Defendant Atwater.

25  **D.     Costs**

26         In her Order, Judge Patel found that Plaintiff, as the prevailing party in this action, is entitled

27  to recover costs.  (Dkt. #120.)  In March 2009, Plaintiff's counsel filed a declaration stating that, at

28

UNITED STATES DISTRICT COURT
For the Northern District of California

9

that time, Plaintiff had incurred $1,313.98 in costs.  (Dkt. #114.)  Having reviewed counsel's

declaration, the Court finds that Plaintiff has sufficiently established that he is entitled to $1,313.98

in costs.  However, Plaintiff has not filed any amended declaration updating this figure since March

2009, and the Court is unable to determine whether any expenses were incurred after that date.  The

undersigned therefore **RECOMMENDS** that the Court grant Plaintiff $1,313.98 in costs.

### III.   CONCLUSION

Based on the undersigned's consideration of Plaintiff's Declarations and supporting

documents and evidence presented at the hearing, the undersigned **RECOMMENDS** as follows:

Plaintiff should be awarded $76,025.49 in compensatory damages and $1,313.98 in costs.

Plaintiff's request for an award of $25,000 in punitive damages should be **DENIED WITHOUT**

**PREJUDICE**.  Plaintiff's requests for disgorgement of fees paid to Defendant Atwater should be

**DENIED**.

Pursuant to Fed. R. Civ. P. 72(b)(2) a party may serve and file objections to this Report and

Recommendation fourteen (14) days after being served.

**IT IS SO ORDERED.**

Dated: January 7, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

10